UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MONDELLI,<br><br>    Appellant,<br><br>v.<br><br>COLDWELL BANKER, NICHOLAS DELZOTTI<br><br>    Appellees. | MASTER FILE: 07-CV-5839 (WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Kenneth J. Rosellini
Hallock & Cammarota, LLP
600 Valley Road
Suite 101
Wayne, NJ 07470

(*Counsel for Appellant*)

Shoshana Schiff
Trenk DiPasquale Webster Della Fera & Sodono, P.C.
347 Mt. Pleasant Avenue
West Orange, NJ 07052

(*Counsels for Appellees*)

**WILLIAM J. MARTINI, U.S.D.J.:**

    Mondelli appeals from an order of the bankruptcy court approving an award of fees from Mondelli's estate to Coldwell Banker. The fees compensated Coldwell Banker for its real estate brokerage services in connection with the sale of certain estate property. Mondelli argues that these services were not "necessary," as required by 11 U.S.C. § 330(a)(1) for fee awards. He reasons that he eventually refinanced and kept the property,

so Coldwell Banker's services were ultimately irrelevant. This Court finds that the bankruptcy court properly interpreted the term "necessary" to encompass Coldwell Banker's services. Accordingly, the bankruptcy court's order is **AFFIRMED**.

I.   **FACTS AND PROCEEDINGS**

Mondelli's bankruptcy has a complicated history. For this appeal, it is relevant that the bankruptcy court converted the case from a proceeding under Chapter 13 of the Bankruptcy Code (rehabilitation) to a proceeding under Chapter 7 (liquidation). Mondelli appealed that decision to this Court, which affirmed. Mondelli v. Greenberg, No. 07-3290, 2007 WL 4365310 (D.N.J. Dec. 12, 2007). In turn, Mondelli filed an appeal with the Third Circuit, which is currently pending.

In the meantime, however, the bankruptcy court proceeded with Mondelli's case under Chapter 7. The Chapter 7 trustee filed a motion to sell certain estate property. In response, Mondelli filed a motion to obtain a mortgage on the property in order to "complete the Chapter 13 by a pay- off to Creditors." The bankruptcy court first responded to the trustee's request—allowing the trustee to retain Coldwell Banker to act as a real estate broker. The bankruptcy court then issued an order disposing of both motions. It allowed Mondelli a limited period of time in which to refinance the property. If Mondelli was unable to do so, the order allowed the trustee to sell the property.

Eventually, Mondelli indeed was able to refinance the property and obtain a mortgage upon it. Accordingly, Coldwell Banker never actually had the opportunity to

sell the property although it had expended efforts to do so.

Nevertheless, Coldwell Banker filed an application with the bankruptcy court seeking expenses incurred in its efforts to sell the property. These efforts included marketing, meeting with various parties, and showing the property to potential buyers. The bankruptcy court granted the application and awarded Coldwell Banker $8,000.

Mondelli appeals this order. Essentially, Mondelli argues that Coldwell Banker should not receive fees because its services were ultimately irrelevant. Mondelli adds that Coldwell Banker's services were particularly inappropriate because they were part of the trustee's efforts to liquidate the estate, as per Chapter 7, while Mondelli's appeal challenging the bankruptcy court's conversion of the case to Chapter 7 from Chapter 13 (rehabilitation) was pending. Mondelli accordingly also requests a stay of Coldwell Banker's fee award until the Third Circuit resolves his appeal of the conversion issue.

**II.   DISCUSSION**

There is no doubt that the bankruptcy court has the power generally to award fees for professional services to benefit the estate. Under 11 U.S.C. § 327(a), the trustee may employ professionals to assist with the trustee's duties. And under 11 U.S.C. § 330(a)(1), the bankruptcy court may award to any such professional "reasonable compensation for actual, necessary services rendered."

Mondelli argues that the fee award was improper because Coldwell Banker's services were not "necessary." Mondelli reasons that Coldwell Banker's services

3

ultimately did not impact the estate. The Court disagrees.

Because § 330 does not contain an object of the term "necessary"—that is, § 330 leaves unstated to what end the services must be necessary—the Court must choose between two apparent interpretations.[1] The Court might interpret § 330(a)(1) to allow fees only for services that were "necessary" to the ultimate outcome of the case. Alternatively, the Court might interpret § 330(a)(1) to allow fees for services that were objectively "necessary" to the proper administration of the estate at the time they were rendered, regardless of whether they ultimately impacted that administration. To put it another way, the issue is whether the determination of necessity should be made ex post or ex ante.

The Court holds that the ex ante perspective should control. This comports with the other subsections in § 330. Specifically, § 330(a)(3) allows a court in determining whether the services were reasonable to consider whether they were "necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." Also, while this issue has not been pervasively discussed, at least some caselaw supports the ex ante approach. See In re Mednet, 251 B.R. at 108 ("[Section 330] does not require that the services result in a material benefit to the estate in order for the professional to be compensated; the applicant must

---

[1] This issue requires statutory interpretation, so the Court reviews de novo whether the bankruptcy court applied the correct legal standard. See In re Mednet, 251 B.R. 103, 107 (B.A.P. 9th Cir. 2000).

4

demonstrate only that the services were 'reasonably likely' to benefit the estate at the time the services were rendered."); In re Jefsaba, Inc., 172 B.R. 786, 799 (Bankr. E.D. Pa. 1994) ("[S]o long as there was a reasonable chance of success which outweighed the cost in pursuing the action, the fees relating thereto are compensable."). Finally as a policy matter, the ex post interpretation is deficient. Under that intepretation, professionals who render perfectly competent services to the estate face a risk of non-payment should the estate ultimately not take advantage of those services. Such a risk would deter professionals from providing services to the estate, hindering the bankruptcy process. Thus, whether services are "necessary" to the estate should be measured by whether they were reasonably likely to benefit the estate at the time the services were rendered.

By this standard, Coldwell Banker's services qualify for a fee award. When Coldwell Banker attempted to sell the property at issue, such actions were quite likely to benefit the estate. Indeed, the bankruptcy court authorized the trustee to hire Coldwell Banker for just this purpose. Thus, the bankruptcy court properly approved Coldwell Banker's fee application.

### III. CONCLUSION

The bankruptcy court did not err by awarding fees to Coldwell Banker. Accordingly, its order is **AFFIRMED**. A Order accompanies this Opinion.

                                                s/ William J. Martini  
                                                William J. Martini, U.S.D.J.